IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00925-RM-NYW

NAGWA MOHAMED SELIM, and
SAAD KAMEL ALLY,

    Plaintiffs,

v.

DENVER COUNTY DISTRICT COURT,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

This matter comes before the court pursuant to the Order to Show Cause dated April 5, 2019 [#5] and Plaintiffs Nagwa Selim and Saad Ally's (collectively, "Plaintiffs") Response to the Order to Show Cause [#7]. The undersigned considers these matters pursuant to 28 U.S.C. § 636(b) and the Order Referring Case dated April 22, 2019 [#9]. For the following reasons, this court respectfully **RECOMMENDS** that Plaintiffs' Complaint [#1] and claim(s) be **DISMISSED without prejudice** for want of subject matter jurisdiction.

## BACKGROUND

Plaintiffs initiated this action by filing their *pro se* Complaint on March 28, 2019. [#1]. As Defendant in this action, Plaintiffs name the Denver County District Court. [*Id.*]. To date, no summons has been issued and it does not appear that Plaintiffs have served Defendant. Though this action was directly assigned to the undersigned Magistrate Judge, it has since been redrawn to the Honorable Raymond Moore given Plaintiffs' filing of Nonconsent to the Jurisdiction of a Magistrate Judge. *See* [#6; #8].

Plaintiffs' Civil Cover Sheet indicates that Plaintiffs base this court's jurisdiction on the "U.S. Government Defendant," and suggests that Plaintiffs assert a claim or claims for fraud. *See* [#1-1]. Upon review of Plaintiffs' Complaint, the basis for Plaintiffs' claims appears to be their grievances with the Denver County District Court's handling, and ultimate dismissal, of their "Complaint for Judicial Review Pursuant to § 24-4-106, C.R.S. and Request for Stay and Designation of Record" (the "Underlying Action"). *See generally* [#1]. It appears to this court that the Underlying Action dealt with Plaintiffs' appeal of the State of Colorado Department of Human Services Office of Appeals' Final Agency Action that found Plaintiffs liable for a $2,025 overpayment of Old Age Pension benefits to Plaintiff Ally; the overpayment was deducted from Plaintiff Selim's Aid to the Needy Disabled benefits. *See* [*id.* at 4-10]. Plaintiffs seek damages in the amount of $750,000 and ask this court to order the Denver County District Court to reopen the Underlying Action. *See* [*id.* at 1].[1]

Because this court could not discern the basis for federal subject matter jurisdiction, the undersigned issued an Order to Show Cause, returnable by Plaintiffs on or before May 3, 2019, directing Plaintiffs to respond with an articulable basis for federal subject matter jurisdiction. *See* [#5]. On April 19, 2019, Plaintiffs filed their Response to the Order to Show Case. *See* [#7].

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and, as such, "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *The Wilderness Soc. v. Kane Cty., Utah*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring). Indeed, courts have an independent obligation to determine whether subject matter

---

[1] Further, even affording Plaintiffs' pleading a liberal construction given their *pro se* status, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Complaint does not plead a short and plain statement for the basis of subject matter jurisdiction or for their claims for relief in compliance with Rule 8 of the Federal Rules of Civil Procedure.

jurisdiction exists, even in the absence of a challenge from any party. *1mage Software, Inc. v. Reynolds & Reynolds, Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)). To invoke federal question jurisdiction, Plaintiffs' well-pleaded complaint must establish either "that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (internal quotations and citation omitted).

## ANALYSIS

In their Response to the Order to Show Cause, Plaintiffs represent that they will serve Defendant pursuant to Rule 4; that the "indispensable elements of a [sic] such cause of action [exist] (1) a judgment which ought not in good conscience to [sic] be enforced. (2) a good defense to the alleged cause of action. (3) fraud, accident or mistake exhibit 1,2. (4) the absence of fault against the defendant in case No 18 cv 596. (5) the absence of any adequate remedy at law exhibit 3"; that the "power of the federal courts appears to expressly recognized [sic] in rule 60 of the Federal Rules of Civil Procedure"; that the "case needs to be reopened to become removable to federal court as result [sic] of fraud"; that the court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(4); and that "defendant should not be a decision maker of the subject and matter." [#7 at 1]. Based on the foregoing, this court concludes that Plaintiffs have failed to articulate a basis for federal subject matter jurisdiction.

To start, this court concludes that Plaintiffs fails to establish jurisdiction under 28 U.S.C. § 1332(d)(4), the Class Action Fairness Act ("CAFA"), which confers subject matter jurisdiction in federal district courts for "class actions involving [1] at least 100 members and [2] over $5 million in controversy when [3] minimal diversity is met (between at least one defendant and one plaintiff-class member)." *Dutcher v. Matheson*, 840 F.3d 1183, 1190 (10th Cir. 2016) (internal

quotation marks omitted). Plaintiffs' Complaint and Response do not satisfy these three elements. Thus, jurisdiction under CAFA does not appear appropriate.

Nor does the court find persuasive Plaintiffs' arguments that the Underlying Action must be reopened to allow for removal to this District based on fraud or that Defendant should not be permitted to determine subject matter jurisdiction. Neither of these arguments suggest that subject matter jurisdiction in this District is appropriate.

Next, this court interprets Plaintiffs' Response as asserting that the elements of Rule 60 of the Federal Rules of Civil Procedure are satisfied such that this court should grant Plaintiffs relief from the judgment entered in the Underlying Action. *See* Fed. R. Civ. P. 60(b).[2] But the Federal Rules of Civil Procedure do not confer federal subject matter on federal courts; rather they are procedural devices used once a case is properly brought in federal court. *See Amoco Prod. Co. v.*

---

[2] Rule 60(b) provides,

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *accord* Colo. R. Civ. P. 60(b) (setting forth substantially the same elements).

*Aspen Grp.*, 8 F. Supp. 2d 1249, 1252 (D. Colo. 1998); *see also* Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts.").

In addition, federal district courts may not "exercise appellate jurisdiction over state-court judgments[]" pursuant to the *Rooker-Feldman* doctrine. *See Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th Cir. 2012). That is, the doctrine "precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of that judgment in federal court." *Miller v. Deutsche Bank Nat'l Trust Co. (In re Miller)*, 666 F.3d 1255, 1261 (10th Cir. 2012). Here, it appears that Plaintiffs seek appellate-like review of the Underlying Action. Indeed, it appears that Plaintiffs seek relief from the Final Judgment entered in the Underlying Action under Rule 60(b) of the Federal Rules of Civil Procedure. Typically, courts lack subject matter jurisdiction under the *Rooker-Feldman* doctrine to entertain such claims. *See Alfaro v. County of Arapahoe*, --- F. App'x ----, 2019 WL 1387800, at \*\*2-3 (10th Cir. March 27, 2019) ("Indeed, . . . reviewing the merits of final state-court orders is precisely the type of claim encompassed by the *Rooker-Feldman* doctrine." (internal quotation marks omitted)); *accord Chadee v. Kaufman*, No. 12-cv-3098 (RRM)(LB), 2012 WL 2564408, at \*2 (E.D.N.Y. June 26, 2012) (holding that the *Rooker-Feldman* doctrine prohibited the plaintiff from collaterally challenging a state court proceeding, even under the auspices of a constitutional challenge). Thus, it is does not appear that the court has subject matter jurisdiction to entertain Plaintiffs' suit.[3]

---

[3] Generally, a court will not dismiss a *pro se* litigant's action without leave to amend. However, the Order to Show Cause informed Plaintiffs of the deficiencies this court ascertained in the existing Complaint. The Response to the Order to Show Cause did not clarify or address these deficiencies and, therefore, taking the Complaint and the Response to the Order to Show Cause together, this court concludes that permitting Plaintiffs an opportunity to amend would likely be unavailing. *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (noting, "dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."

## CONCLUSION

For the reasons stated herein, this court respectfully **RECOMMENDS** that:

(1) Plaintiffs' Complaint [#1] and claims be **DISMISSED without prejudice** for want of subject matter jurisdiction.[4]

A copy of this Recommendation shall be sent to:
    Nagwa Mohamed Selim, and
    Saad Kamel Ally
    2589 South Truckee Way
    Aurora, CO 80013

DATED: May 17, 2019

BY THE COURT:

/s/ Nina Y. Wang
Nina Y. Wang
United States Magistrate Judge

---

(citation and quotation marks omitted)); *McKinney v. State of Okl., Dep't of Human Servs., Shawnee OK*, 925 F.2d 363, 365 (10th Cir. 1991) (holding, "a *sua sponte* dismissal under Rule 12(b)(6) is not reversible error when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, . . . and allowing him an opportunity to amend his complaint would be futile" (internal citations omitted)).

[4] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).